IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Irving E. Twitty #270014 | C/A No.: 6:09-2381-RBH |
|       Plaintiff, | |
| vs. | **ORDER** |
| Nationwide Insurance Comp;<br>Patricia Dugan, CPCU, AiC;<br>Cherylon Dean, Claims Invest.;<br>Dennis Gillillan, Claims Manag;<br>Alicia W. Cornelius, Regulator, | |
|       Defendant. | |

This matter is before the court for review of the Order and Report and Recommendation[1] [Docket entry # 10] of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) for the District of South Carolina. On October 1, 2009, Magistrate Judge Gossett issued a Report recommending that Plaintiff's motion to proceed *in forma pauperis* (IFP) be denied, that Plaintiff be given an opportunity to pay the full filing fee within fifteen (15) days, and that the matter be dismissed without prejudice and without issuance and service of process if Plaintiff does not pay the filing fee. In the Report and Recommendation ("R&R"), the Magistrate Judge took judicial notice of the Plaintiff's three prior civil actions in this court which have been dismissed as frivolous, malicious, or failing to state a claim, and deemed as "strikes." *See Twitty v. Petty et al.*, 3:00-47-DWS (D.S.C. Feb. 24, 2000); *Twitty v. Stevens et al.*,

---

[1] Although the Magistrate Judge **ordered** denial of the Motion to Proceed *In Forma Pauperis*, the court treats the Magistrate's "Order and Report and Recommendation" as an R&R since the denial of a motion for IFP status could be deemed to be dispositive.

1

7:00-2615-DWS (D.S.C. Sept. 20, 2000); *Twitty v. Werver et al.*, (D.S.C. Jan. 9, 2002). Plaintiff timely filed a "Motion to Object Along with an Opposing Affidavit to the R&R of the Magistrate Judge" (Objections) [Docket entry # 12] on October 14, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## **Legal Analysis**

In his Objections to the R&R [Docket entry # 12], the Plaintiff merely recounts portions of the R&R and includes numerous citations to cases without explaining why he believes a particular portion of the R&R is incorrect. Any written objection, however, must specifically identify the portions of the R&R to which objections are made and the basis for such objections. Generally stated, nonspecific objections have the same effect as would a failure to object. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1981).

Plaintiff errantly states that the R&R only addressed one prior strike when, in fact, Plaintiff's prior "strikes" are listed on page two of the R&R. Plaintiff, however, does not dispute the Magistrate's finding that he is subject to the "three strikes" rule of the Prison Litigation Reform Act (PLRA). Furthermore, Plaintiff does not dispute that he has failed to satisfy the exception for imminent physical harm and merely reasserts his allegations that the complaint is based on a 2006 automobile accident.

The "three strikes" rule of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury.

28 U.S.C. § 1915(g). The court has reviewed Plaintiff's Objections and finds that they are without merit. Therefore, the court finds that the Plaintiff is subject to the "three strikes" rule of the PLRA and has not satisfied the exception for imminent physical harm.

## Conclusion

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that the request for *in forma pauperis* is denied, and Plaintiff shall have 15 days from the date of this order to pay the filing fee. If he fails to do so, the clerk shall enter an order of dismissal without prejudice pursuant to 28 U.S.C. § 1915(g).

s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

December 4, 2009
Florence, South Carolina