IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Irving E. Twitty, | ) | C/A No. 6:09-2381-RBH-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Nationwide Insurance Comp; | ) | **ORDER** |
| Patricia Dugan, CPCU, AiC; | ) | |
| Cherylon Dean, Claims Invest.; | ) | |
| Dennis Gillilan, Claims Manag; | ) | |
| Alicia W. Cornelius, Regulator; | ) | |
| Wanda W. Smith; Tijuana L. Crisp; | ) | |
| Owner of Jeep Grand Cherokee; | ) | |
| Geoffrey W. Gibbon; | ) | |
| Grenville D. Morgan, Jr.; | ) | |
| Mr. Judge John C. Few, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    This is a civil action filed by a state prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. By opinion dated May 24, 2011, this court's previous dismissal of the instant complaint was vacated by the Fourth Circuit Court of Appeals and remanded to this court for further consideration.

    Plaintiff has filed a Motion to Appoint Counsel. (ECF No. 28.) The law is clear that a plaintiff in a civil rights case under § 1983 has no right to court-appointed counsel. Hardwick v. Ault, 517 F.2d 295 (5th Cir. 1975). The court however has discretionary authority to appoint counsel "in exceptional cases," in a civil action brought by a litigant proceeding *in forma pauperis*. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975); 28 U.S.C. § 1915(e)(1). The pleadings do not present unusual circumstances to justify the appointment of counsel, nor will Plaintiff be denied due process if an attorney is not appointed. Accordingly, the plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. § 1915(e)(1) is denied.

    Plaintiff has also filed a Motion for Processing and Service of Summons and Complaint. (ECF No. 27.) Because this case is subject to summary dismissal, this motion is denied.

PJG

**PAYMENT OF THE FILING FEE:**

By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350. See 28 U.S.C. § 1914. This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code. See 11 U.S.C. § 523(a)(17). The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without **pre**payment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available. See 28 U.S.C. § 1915(a), (b). **The agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full filing fee is paid.** See Torres v. O'Quinn, 612 F.3d 237, 252 (4th Cir. 2010) ("We hold that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty percent *regardless of the number of cases or appeals the inmate has filed*.") (emphasis in original).

Plaintiff has submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240) and a Financial Certificate, which are construed as a Motion for Leave to Proceed *in forma pauperis*. See 28 U.S.C. § 1915(a)(1), (2). (ECF No. 29.) A review of the Motion reveals that Plaintiff does not have the funds to pay the first installment of the filing fee. Therefore, the amount due from Plaintiff is currently $350.

Plaintiff's motion to proceed *in forma pauperis* is granted.

**TO THE CLERK OF COURT:**

This case is subject to summary dismissal based on an initial screening conducted pursuant to 28 U.S.C. §1915 and/or 28 U.S.C. § 1915A. Therefore, the Clerk of Court shall ***not*** issue the summonses or forward this matter to the United States Marshal for service of process at this time.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 8, 2011
Columbia, South Carolina