IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Irving E. Twitty, ) | Civil Action No.: 6:09-cv-02381-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Nationwide Insurance Co; Patricia Dugan, ) | |
| CPCU, Aic; Cherylon Dean, Claims ) | |
| Invest.; Dennis Gillilan, Claims Manag; ) | |
| Alicia W. Cornelius, Regulator; Wanda ) | |
| W. Smith; Tijuana L. Crisp; Owner of ) | |
| Jeep Grand Cherokee; Geoffrey W. ) | |
| Gibbon; Greenville D. Morgan, Jr.; Mr. ) | |
| Judge John C. Few, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett.[1] In the R&R, the Magistrate Judge recommends that the Court dismiss the Complaint for lack of jurisdiction without issuance and service of process. The following motions are also pending before the Court: (1) Plaintiff's Motion to Amend/Correct Complaint [Doc. #49] and (2) Plaintiff's Motion to Present a Document as Proof of Evidence [Doc. #51].

**Procedural History and Factual Background**

This case was initiated on September 8, 2009, when the Plaintiff filed a Complaint regarding a "civil action tort claim . . . concerning an automobile wreck that happened on the date of August 30th, 2006." Compl., Doc. #1, p.4. It appears in his objections that the Plaintiff argues

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Gossett for pretrial handling.

he intends to bring his claims against the Defendants pursuant to 42 U.S.C. § 1983, and he requests that the Court issue an order ruling that the Defendants compensate him for his pain and suffering resulting from the automobile wreck. *Id.* at 10. The Plaintiff is incarcerated at the Kershaw Correctional Institution in Kershaw, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915.

On May 24, 2011, the Fourth Circuit Court of Appeals issued an opinion on an appeal by the Plaintiff. The opinion vacated this Court's order which had denied the Plaintiff's motion to proceed *in forma pauperis* pursuant to the "three strikes" rule of the PLRA. The case was remanded for further consideration of the PLRA application in accordance with the Fourth Circuit's unpublished opinion and *McLean v. United States*, 566 F.3d 391 (4th Cir. 2009). On June 15, 2011, the mandate was issued by the Fourth Circuit and the case was automatically referred by the Clerk to Magistrate Judge Paige J. Gossett and the additional motions filed by the Plaintiff were also referred to the Magistrate, pursuant to Local Rule 73.02. On August 9, 2011, the Magistrate Judge granted the Plaintiff's motion for leave to proceed *in forma pauperis* and issued the R&R recommending that the Complaint be dismissed for lack of jurisdiction without issuance and service of process. Subsequently, the Plaintiff filed timely objections to the R&R.

### Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the

Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

### **Discussion**

In the R&R, the Magistrate Judge concludes that this case should be summarily dismissed because "[t]he instant Complaint provides no basis for either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332." R&R, Doc. #42, p.4. In his first objection, the Plaintiff appears to argue that this Court has jurisdiction of the subject matter because he brought his claims pursuant to 42 U.S.C. § 1983. However, the Plaintiff has not stated a viable § 1983 claim. In order to state a claim for relief under § 1983, the Plaintiff must sufficiently allege (1) that he "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States; and (2) that the conduct complained of was committed by a person acting under the color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir.1998). The Plaintiff has made no allegation that the Defendants acted under color of state law, and it appears to be clear from the Complaint that none of the Defendants are state actors, except Judge Few; who is entitled to absolute immunity. *See Stump v. Sparkman,* 435 U.S. 349 (1978).

Next, the Plaintiff appears to argue that the Defendants have waived any defenses concerning jurisdiction or the Plaintiff's failure to state a claim on which relief may be granted. However, the Plaintiff's Complaint was filed pursuant to 28 U.S.C. § 1915. To protect against possible abuses related to indigent litigants commencing actions without prepaying the administrative costs of the lawsuits, the statute allows a district court to dismiss a case, without issuance and service of process, upon a finding that the action fails to state a claim on which relief may be granted. *Id.* § 1915(e)(2)(B). Thus, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. See Neitzke v. Williams,* 490 U.S. 319, 324-25 (1989). As noted above, the Plaintiff has not stated a viable claim pursuant to 42 U.S.C. §1983 to establish federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under § 1332, and dismissal is proper because this Court lacks subject matter jurisdiction.

In the remainder of his objections, the Plaintiff appears to argue that the Court does, in fact, have jurisdiction over this matter. The Court disagrees. Federal courts are "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.,* 147 F.3d 347, 352 (4th Cir. 1998). As such, a federal court has an affirmative "duty to inquire, *sua sponte,* whether a valid basis for jurisdiction exists, and to dismiss the action if no such ground appears." *Id.* (citations omitted); *see* Fed. R. Civ. P. 12(h)(3). Here, the Plaintiff complains about injuries sustained in an automobile accident on August 31, 2006; thus, the Plaintiff appears to assert a state law claim for personal injury. As stated above, the Complaint provides no basis for federal question jurisdiction. Also, the Court lacks diversity jurisdiction over this matter because there is not complete diversity between the Plaintiff and the Defendants, and it appears that the amount in controversy does not exceed the sum of $75,000. *See* 28 U.S.C. § 1332(a)(1). Since the

4

Complaint provides no basis for either federal question jurisdiction or diversity jurisdiction, the Plaintiff's argument for the exercise of "supplemental" jurisdiction is unavailing. *See* 28 U.S.C. § 1367(a); *Wisconsin Dep't of Corr. v. Schacht,* 524 U.S. 381, 387 (1998).

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendation of the Magistrate Judge and finds that dismissal is appropriate.

## Conclusion

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, and the Complaint is **DISMISSED** for lack of jurisdiction without issuance and service of process. Additionally, the Plaintiff's other pending motions are denied as moot.[2]

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
October 24, 2011

---

[2] While the Plaintiff seeks leave to file an amended complaint to: (1) "Add the jurisdiction of this Court" and certify his domicile and citizenship; (2) "Add the name of the Owner of the Jeep Grand Cherokee"; and (3) "To change the amount to be compensated to include punitive damages," the Court would still lack jurisdiction over this matter. *See* 28 U.S.C. § 1332(a)(1).